IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JACSON A. RORKE *
    Plaintiff
                        *

    v.                                   CIVIL ACTION NO. CCB-10-2440
                        *

ALEX CRUICKSHANK,
ARIAN NOMA, et al.,
    Defendants *
                        ******

## **MEMORANDUM**

Seeking damages, plaintiff pro se filed suit against Assistant Public Defender Alex Cruickshank and Assistant State's Attorney Arian Noma. Plaintiff alleges that Assistant Public Defender Alex Cruickshank committed legal malpractice and provided ineffective assistance of counsel during plaintiff's state criminal proceedings and that Assistant State's Attorney Arian Noma also violated his civil rights during his criminal proceedings.

Plaintiff's motion for leave to proceed in forma pauperis (Paper No. 2) shall be granted. Because the plaintiff has been granted leave to proceed *in forma pauperis*, this Court may review the claims in the plaintiff's complaint before service of process and dismiss the complaint *sua sponte* if it has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

Two elements are essential to sustain an action under 42 U.S. C. § 1983. Specifically, plaintiff must demonstrate that he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States, and the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Because there is no allegation that Defendant Cruickshank, a state public defender, was acting under color of law the claims against him shall be dismissed. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980) (holding that there is no state action in the conduct of public defenders and attorneys appointed by the State of Maryland.)

Plaintiff's claim against the Assistant State's Attorney shall also be dismissed. The plaintiff appears to assert that the Assistant State's Attorney violated his constitutional rights during the prosecution of his criminal case. Prosecutors are immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process...." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Springmen v. Williams*, 122 F.3d 211, 213 (4th Cir. 1997). Here, the alleged conduct is clearly "intimately associated with the judicial phase of the criminal process" and thus the prosecutor is entitled to absolute immunity. *Imbler*, 424 U.S. at 430. For this reason, plaintiff's claim against defendant Noma is subject to dismissal.[1]

A separate Order shall be entered in accordance with this memorandum.

September 27, 2010             /s/
    Date                                         Catherine C. Blake
                                                       United States District Judge

---

[1] To the extent plaintiff claims that he has been denied medication while incarcerated, he is advised he may file a separate civil rights suit naming the proper defendants, indicating how the denial of medication has caused him injury, and stating what relief he seeks.